

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

v.                                          CRIMINAL NO. 2:15cr114

RICHARD MIDGETT,

    Defendant.

## OPINION

On December 14, 2015, this Court sentenced Richard Midgett ("Defendant") to a term of imprisonment of ninety-nine (99) months. ECF No 28. As this judgment grants a downward variance from the Sentencing Guidelines, this opinion elaborates on the Court's reasons for this downward variance and is to be filed simultaneously with the sentencing judgment order.

### I.    BACKGROUND

On May 11, 2015, Defendant was named in a seven count indictment charging him with: (1) one count of Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2); (2) three counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts Two-Four) and (2) three counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts Five-Seven). ECF No. 1. On November 3, 2015, Defendant pled guilty Count One of the Indictment: Possession of Child Pornography. ECF No. 18

There were several objections to the Presentence Report ("PSR") prepared by the Probation Office. ECF No. 24 at 17. The Court ruled in the Defendant's favor on several of these objections, and the PSR was amended to reflect these changes. The PSR determined that

Defendant's total offense level was thirty-four (34), which represents an adjusted offense level of thirty-seven (37) minus three (3) points for acceptance of responsibility.[1] Id. at 9–10. This offense level incorporates several enhancements that substantially raised the offense level above the base offense level of twenty-two (22). Defendant received enhancements for (1) material involving a prepubescent minor, +2; (2) distribution, +2; (3) material that portrays sadistic or masochistic conduct or other depictions of violence, +4; (4) the use of a computer, +2; and (5) having more than 600 images, +5. Id. at 8. For purposes of guideline calculations, each video in the possession of Defendant is counted as 75 images. USSG § 2G2.2, Application Note 4(B)(ii). The PSR determined that Defendant had 166,275 images in his possession: 30,000 images and 1,817 videos (55 x 75 = 136,275). ECF No. 24 at 9.

Because Defendant has no prior criminal history, his criminal history category is I. Id. at 15. With a total offense level of 34 and a criminal history category of I, the guidelines recommend a sentence of 151 to 188 months. Id. at 14. A sentencing hearing was held on February 8, 2016. ECF No. 28.

## II.    DISCUSSION

To determine an appropriate sentence this Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351 (2009). Section 3553(a) provides in the relevant subsections that

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> [...]
> (2) the need for the sentence imposed--

---

[1] The Government filed a motion for an additional point for Acceptance of Responsibility. ECF No. 31.

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
[...]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

Defendant's offense was undoubtedly serious, and the need to deter similar conduct is great. The images and videos in Defendant's possession depict the most reprehensible abuse of children. With his possession and distribution of such material, Defendant supports the market for those who create this material. There is no excuse for his behavior. However, it must be considered that this behavior did not include the physical abuse of children by this defendant.

The Sentencing Guidelines covering the nonproduction of child pornography seem to be solely concerned with the seriousness of the offense and the need for deterrence. Section 2G2.2 of the guidelines requires this Court to significantly increase Defendant's base offense level of twenty-two (22) because of several enhancements that apply in the vast majority of cases of possession, receipt, or distribution of child pornography. According to a study carried out by the Sentencing Commission using data from 2011, 97% of non-production child pornography cases involve a computer, 95% involve a victim under twelve, 79% involve violent images, and 70% involved at least 600 images. See United States Sentencing Commission, *Use of Guidelines and Specific Offense Characteristics, Fiscal Year 2011*, 41–42.[2] Defendant received all of these enhancements, which added thirteen (13) points to his base offense level. Yet, because these enhancements apply in the vast majority of cases, these enhancements, however justifiable in the abstract, do little to differentiate Defendant's conduct from other non-production cases.

---

[2] Available at http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Guideline_Application_Frequencies/2011/Use_of_Guidelines_and_Specific_Offense_Characteristics.pdf

3

Section 3553(a) requires this Court to consider factors in addition to the need for deterrence in order to arrive at a sentence "sufficient, but not greater than necessary" to comply with the purposes of §3553(a)(2). The Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The extensive disparities in sentences given for non-production child pornography offenses under USSG §2G2.2 has been well-documented by the Sentencing Commission and others. See generally, United States Sentencing Commission, *Chapter 8: Examination of Sentencing Disparities in §2G2.2 Cases*, REPORT TO THE CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES (Dec. 2012) ("2012 REPORT TO CONGRESS")[3]; Melissa Hamilton, *Sentencing Adjudication: Lessons from Child Pornography Policy Nullification*, 30 GEOR. ST. U. L. REV. 375 (2013). In the 2010 fiscal year only 40.0 percent of non-production defendants received sentences within the guideline ranges. 2012 REPORT TO CONGRESS at 213. In the 2012 fiscal year, sixty-six (66) percent of sentences given were *below* the guideline range. Hamilton, *Lessons* at 386. The average sentence for non-production children pornography crimes in fiscal year 2011 was about ninety-five (95) months. Id. at 447. The average for the Fourth Circuit was slightly higher, at 100.43 months. Id. at 449. By contrast, Defendant's guideline range for the present offense is 151-188 months.

After consideration of the guideline recommendation and the §3553(a) factors, the Court determined that a downward variance from the Guidelines was warranted in this case. Defendant's conduct was reprehensible, however, the Court determined that a sentence below the guidelines would be sufficient but not greater than necessary to comply with the need for a sentence as defined by §3553(a)(2). The Court is confident that a sentence of more than eight

---

[3] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_08.pdf

years imprisonment will deter Defendant from similar conduct in the future. Defendant is not a child molester; there is nothing to distinguish his case from other non-production cases where the Federal District Courts have frequently downward departed. The average sentence for conduct similar to Defendant's, in this Circuit and throughout the United States, is far below the bottom of the guideline-recommended sentence: a sentence within the guidelines would create a sentencing disparity. For these reasons, the Court imposed a sentence of ninety-nine (99) months of imprisonment, which this Court found to be sufficient but not greater than necessary to comply with the need for a sentence as defined by 18 U.S.C. § 3553(a)(2).

The Clerk is **DIRECTED** to forward a copy of this Opinion to all Counsel of Record.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
February ___, 2016